# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-11-00682-CR

**Ramon Martinez, Appellant**

**v.**

**The State of Texas, Appellee**

**FROM THE DISTRICT COURT OF TRAVIS COUNTY, 147TH JUDICIAL DISTRICT
NO. D-1-DC-10-207120, HONORABLE CLIFFORD BROWN, JUDGE PRESIDING**

## O R D E R

**PER CURIAM**

Appellant was convicted of assault–family violence on October 6, 2011. Appellate counsel was appointed on October 24. On August 21, 2012, counsel filed a brief, but on April 15, 2013, she filed a motion to allow appellant to file a pro se brief, explaining that she had misread the clerk's record and had she "properly read the record, there would have been no points of error to raise, and an <u>Anders</u> brief[1] would have been filed, giving Appellant an opportunity to review the record and file a pro se brief." Rather than risking confusion by proceeding as if an *Anders* brief had been filed and asking appellant to proceed pro se, we asked counsel to file an amended brief by June 5. On June 11, counsel attempted to file an amended brief that, rather than conducting an *Anders* review, raised new issues. We rejected the brief, however, because it contained

---

[1] *See Anders v. California*, 386 U.S. 738 (1967).

an unredacted minor's name and lacked a certificate of compliance, and asked counsel to file a corrected, amended brief no later than July 1. On July 26, we sent counsel notice that the brief was overdue, and on August 5, counsel attempted to file a corrected brief. That brief was again rejected because it still contained an unredacted minor's name. To date, counsel has not filed a corrected, amended brief that complies with the rules of appellate procedure and our local rules.

Counsel is therefore ordered to file a corrected, amended brief that complies with both local and appellate rules, particularly those governing how a minor should be referenced, no later than September 30, 2013. Failure to timely file the brief may result in counsel being called before this Court to explain why she should not be held in contempt for her failure to comply with this order.

It is ordered September 13, 2013.

Before Justices Puryear, Rose and Goodwin

Do Not Publish